UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

AGNES SWARTZ,

    Plaintiff,

v.                                                        Case No. 03-CV-72270

MICHAEL J. ASTRUE,
COMMISSIONER OF SOCIAL SECURITY

    Defendant.
_____/

**OPINION AND ORDER DENYING PLAINTIFF'S MOTION FOR ATTORNEY FEES**

On March 31, 2008, Plaintiff Agnes Swartz filed a motion for attorney fees pursuant to the Equal Access to Justice Act ("EAJA") in the above-captioned dispute. The matter is fully briefed and the court has concluded a hearing is not necessary. *See* E.D. Mich. LR 7.1(e)(2). Because Defendant Social Security Administration has shown its position is substantially justified, Plaintiff's motion will be denied.

**I. BACKGROUND**

This action originated with Plaintiff's request for judicial review of an Administrative Law Judge's ("ALJ's") determination that she was ineligible for Social Security disability benefits during the period from September 1992 through December 31, 1997. *Swartz v. Barnhart*, No.04-2437, 188 F. App'x 361 (6th Cir. July 13, 2004) ("*Swartz*"). This court adopted the report and recommendation ("R&R") of the United States Magistrate Judge to uphold the denial of benefits and granted Defendant's motion for summary judgment. (9/15/04 Order; *see also* 6/21/04 R&R.) The United States Court of Appeals for the Sixth Circuit reversed and remanded with instructions

that the agency reconsider granting Plaintiff's 2001 benefits application and reopening her previously denied 1994 application. *Swartz*, 188 F. App'x at 367-71.

The Sixth Circuit found the ALJ's analysis defective in two respects. First, the ALJ discounted the importance of a 1992 work evaluation of the Plaintiff on the incorrect assumption that it was completed after she became ineligible for benefits on December 31, 1997. *Id.* Second, the ALJ disregarded evidence of Plaintiff's mental problems – diagnosed in 2001 as an "Organic Mental Disorder," "Borderline Intellectual Functioning," and a "Dependant Personality Disorder" – that indicated they were lifelong and potentially disabling during the critical period. *Id.* Because of these oversights, the Court concluded that the ALJ's denial of benefits was not supported by substantial evidence. The Court held that the overlooked evidence may require a greater pace limitation on Plaintiff's Residual Functional Capacity ("RFC"), making reexamination of her most recent application (the 2001 application) appropriate. *Id*. Further, the Court ruled that the ALJ should reconsider reopening Plaintiff's earlier benefits application (the 1994 application, denied in 1995), as a finding that Plaintiff was disabled may validate her claim of being incapable of understanding administrative remedies available to challenge the denial. *Id.* at 370-71.

After the Sixth Circuit issued its decision, Plaintiff filed this motion. She contends that she is entitled to attorney fees under the EAJA, which provides:

> a court shall award to a prevailing party other than the United States fees and other expenses . . . incurred by that party in any civil action . . . unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A) (2008).

## II. STANDARD

The United States Supreme Court defined the "substantial justification" prong of the EAJA in *Pierce v. Underwood*, 487 U.S. 552 (1988). The Government meets its burden upon showing that its position is "'justified in substance or in the main' – that is, justified to a degree that could satisfy a reasonable person." *Id.* at 565. Though this standard "means . . . more than merely undeserving of sanctions for frivolousness," *id.* at 566, it is less exacting than the "substantial evidence" standard governing the substantive judicial review of the agency's decision. *Jankovich v. Bowen*, 868 F.2d 867, 870 (6th Cir. 1989). "Congress did not . . . want the 'substantially justified' standard to be read to raise a presumption that the Government position was not substantially justified simply because it lost the case . . . ." *Scarborough v. Principi*, 541 U.S. 401, 415 (2004) (internal citations omitted).

## III. DISCUSSION

Defendant does not dispute that Plaintiff is a prevailing party within the meaning of the statute or that she filed a timely application for EAJA fees. Nor does Defendant raise any special circumstances that would render an award unjust. Thus, the issue before the court is whether Defendant was substantially justified in making and defending its decision to deny Plaintiff benefits. While Defendant also asserts that the amount requested by Plaintiff does not meet the EAJA's reasonableness requirement, *see* 28 U.S.C. § 2412(d)(2)(A), this issue need not be addressed as the court will find Defendant's position substantially justified.

Plaintiff argues that the Government's position was not substantially justified for the two reasons given by the Sixth Circuit for overturning the ALJ's decision:

overlooking the 1992 work evaluation and the evidence that Plaintiff's mental problems were lifelong. (Pl.'s Mot. at 4-5.) According to Plaintiff, these oversights were so egregious as to render Defendant's defense of the ALJ's decision unreasonable. However, enough evidentiary support exists for the ALJ's conclusions to substantially justify Defendant's arguments that these errors were harmless.

First, the ALJ's RFC determination is arguably consistent with the evidence of Plaintiff's condition from September 1992 through December 31, 1997, including the evidence of Plaintiff's lifelong impairments. The alleged infirmity of the RFC calculations was the ALJ's presumption that Plaintiff could complete one or two-step tasks in a work environment. Neither the testimony that Plaintiff's mental problems were lifelong nor the 1992 employment evaluation negates this conclusion, and both may be consistent with it.

A precise diagnosis of Plaintiff's mental condition – and the repercussions thereof – is not available for the period at issue. Plaintiff was not officially diagnosed with any mental disorder until 2001. *Schwartz*, 188 F. App'x at 364. Even at that time, one of the three medical professionals that assessed her condition concluded that she could perform a job requiring the execution of simple tasks. *Id.* at 369. Though two physicians, *id.* at 365-67, and two of Plaintiff's relatives, *id.* at 364-65, testified that her mental problems were present to some degree throughout her life, there is no assessment of how disabling they were at any given time prior to 2001. Evidence instead suggests that her symptoms worsened in the period immediately before her diagnosis, when she faced increased anxiety over the imminent prospect of living alone for the first time. *Id.* at 364. Additionally, Plaintiff's personal history suggests some

measure of success with rudimentary tasks.  She graduated from high school, worked for a time in the semi-skilled profession of nurse's aide, and, during the period in question, engaged in everyday activities like shopping, driving, completing household chores, and attending church functions.  (6/21/04 R&R at 22.)  Given the ambiguous and sometimes conflicting nature of this evidence, the ALJ's decision to side with those professionals who considered Plaintiff capable of simple tasks is reasonable.  *See Jankovich*, 868 F.2d at 869-70.  Though the ALJ may have, as the Sixth Circuit determined, mistakenly undervalued some of the evidence unfavorable to his conclusion, this is not an instance where there was little or no evidence supporting the ALJ's determination beyond his personal judgment.  *See Howard v. Barnhart*, 376 F.3d 551, 552-53 (6th Cir. 2007).

Plaintiff maintains that disregarding the 1992 employment evaluation is a fatal error, as it exemplifies the lifelong impairments to which medical experts and family members testified anecdotally. (Pl.'s Mot. at 4.)  But Defendant could justifiably argue that in the RFC analysis the ALJ responded, in substance if not in form, to the relevant concerns.  The evaluation examines Plaintiff's performance as a nurse's aide, *Schwartz* at 3, and the ALJ deemed her incapable of performing that job.  (9/15/04 Order at 4.)  Plaintiff's supervisor noted Plaintiff's poor "ability to communicate satisfactorily." *Schwartz*, 199 F. App'x at 363.  The ALJ restricted her RFC to tasks with no interaction with the general public and minimal interaction with supervisors and coworkers. (9/15/04 Order at 4.)  The evaluation reports that Plaintiff has difficulty "complet[ing] . . . assigned responsibilities in a . . . timely manner."  *Schwartz*, 199 F. App'x at 363.  The

5

ALJ limited her RFC to one or two step tasks, (9/15/04 Order at 4), which would confine her to jobs far less complex than that of a nurse's aide. Each of the red flags contained in the evaluation are accommodated in the RFC analysis to some degree, and nothing in the evaluation itself mandates greater constraints.

Second, Defendant could reasonably argue that the ALJ's decision not to reopen Plaintiff's 1994 application is supported by substantial evidence. Plaintiff made a due process challenge to the denial of the 1994 application by claiming that her mental disabilities rendered her incapable of understanding the available administrative remedies. *Schwartz*, 188 F. App'x at 370. However, the lack of definitive medical evidence confirming Plaintiff's disability, coupled with her high school diploma and employment as a nurse's aide, make tenable the determination of the ALJ that she "fail[ed] to demonstrate . . . mental problems" which would verify her claim. *Id.* More importantly, Plaintiff herself attributed her failure to follow up on the denial to her feeling that an appeal would be futile, rather than lack of awareness or understanding about the administrative appeals process. (9/15/04 Order at 6-7.) Plaintiff's sister-in-law – an individual without any known mental impairments – agreed with this decision. *Id.* Given these facts, Defendant was justified in arguing that Plaintiff failed to make out her claim, and that due process was satisfied since "the ALJ . . . in fact considered and rejected the possibility of reopening the claim." *Blacha v. Sec'y of Health & Human Servs.*, 927 F.2d 228, 232 (6th Cir. 1990).

Finally, the fact that Defendant's position was upheld by both the Magistrate Judge and this court tends to suggest it is substantially justified. While acceptance of

Defendant's position by one or more courts by no means carries the burden of proof, *see Howard*, 376 F.3d at 554, "[n]evertheless, a string of losses can be indicative; and even more so a string of successes." *Pierce*, 487 U.S. at 569. In cases like this, where evidence supports both Defendant and Plaintiff's position, acceptance of the former by one or more courts further demonstrates Defendant's reasonableness.

### IV. CONCLUSION

IT IS ORDERED that Plaintiff's "Motion for Attorney Fees Pursuant to the Equal Access to Justice Act" [Dkt. # 33] is DENIED.

    s/Robert H. Cleland
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated: June 20, 2008

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, June 20, 2008, by electronic and/or ordinary mail.

    s/Lisa Wagner
Case Manager and Deputy Clerk
(313) 234-5522